UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,            :
                                                    :        CASE NO. 4:08-CR-431
                    Plaintiff/Respondent,    :
                                                    :
    v.                                            :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 72, 74]
CHARLES PULLEN,                           :
                                                    :
                    Defendant/Petitioner.   :
                                                    :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Charles Pullen seeks to vacate his conviction pursuant to 28 U.S.C. § 2255 for being a felon in possession of a firearm, and moves the Court to appoint counsel to represent him in the proceedings. Because the claims are straightforward and arise under settled law–indeed, the Petitioner has already unsuccessfully appealed his conviction with the assistance of appellate counsel on what appears to be his most substantial habeas challenge–the Court **DENIES** the petitioner's motion for the appointment of counsel.

## I. Background

While on supervised release from one conviction as a felon in possession of a firearm, Petitioner Pullen received another. Stopped by police while trespassing in an apartment complex from which he had previously been barred, the Petitioner's inartful attempt to conceal a gun failed. He was convicted by a federal jury on one count of being a felon in possession of a firearm, and on April 29, 2009, this Court sentenced the petitioner to 85 months in prison. [Doc. 52.]

-1-

Case No. 4:08-CR-431
Gwin, J.

Aided by appellate counsel, Petitioner Pullen sought review of the Court's denial of his motion to suppress the firearm in question and the substantive reasonableness of his sentence. The Sixth Circuit affirmed both the conviction and the sentence. [Doc. 69.] On December 20, 2011, the Petitioner moved to vacate his sentence pursuant to 28 U.S.C. §2255, [Doc. 71], and has moved twice for the appointment of counsel to assist with the habeas proceedings. [Docs. 72; 74.]

## II. Legal Standard

There is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is only justified in "exceptional circumstances," *Gilber v. Barnhart*, 2009 WL 4018271, at *1 (E.D. Mich. Nov. 19, 2009), and is unnecessary where claims are "relatively straightforward" and arise under settled law. *Bookstore v. Addison*, No. 02-6014, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002).

## III. Analysis

Petitioner Pullen's claims are straightforward and arise under settled law. The bulk of his allegations are that his trial and appellate counsel rendered ineffective assistance relating to the investigative stop in which the firearm was discovered. The underlying suppression issues were affirmed on appeal, and the legal paths concerning effective assistance of counsel and the district court's subject matter jurisdiction over felony possession are well-trodden as a result of the same mechanism through which the Petitioner was appointed an appellate advocate. None of the Petitioner's claims are complicated or subject to emerging jurisprudential controversies that would

-2-

Case No. 4:08-CR-431
Gwin, J.

be unnavigable without the assistance of counsel.

Moreover, the Petitioner has shown himself unusually adept in prosecuting his habeas claims. This is not a case where a petitioner "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *U.S. v. Boyd*, No. 04-80391, 2011 WL 318112, at *2 (E.D. Mich. Jan. 31, 2011). The Petitioner references his "lack of legal training," [Doc. 74], but the fact that the Constitution does not supply a right to counsel in habeas proceedings is not altered by circumstances in which a habeas petitioner is not a lawyer. "Habeas corpus is an extraordinary remedy for unusual cases, and the law accordingly requires appointment of counsel only 'if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D.Mich. 2002).(quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)). The issues in this case are not complicated and this highly motivated Petitioner can certainly obtain justice without a lawyer at his side. The docket grows full of his unusually orderly motion practice–replete a table of authorities and citations–and plentiful exhibits. To the extent that the Petitioner's claims are "colorable"[1/] the Petitioner has demonstrated ample capacity to investigate, prepare, and present his legal claims.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Petitioner's motion for the appointment

---

[1/] Doubts on this front are far from insignificant. The Petitioner challenges suppression issues already affirmed on appeal by the Sixth Circuit. His effectiveness claims rebuke trial counsel for failing to challenge the district court's subject matter jurisdiction over a federal criminal statute, and challenge  the Petitioner's state felony convictions.

Case No. 4:08-CR-431
Gwin, J.

of counsel.

      IT IS SO ORDERED.


Dated: January 13, 2012                    *s/   James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE