UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :

CHARLES PULLEN,             :

                                           :         CASE NO. 4:08-CR-00431

            *Petitioner*,          :

                                           :

vs.                                       :         OPINION & ORDER
                                           :         [Resolving Doc. No. 82]

UNITED STATES OF AMERICA,     :

            *Respondent*.        :

                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In February 2009, a federal jury convicted Petitioner Charles Pullen for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] This Court denied his *pro se* petition to vacate his conviction under 28 U.S.C. § 2255.[2] Pullen now moves, *pro se*, for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.[3] The United States has not yet filed a response.

      Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[4] But, a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[5] Such a motion is extraordinary

---

[1] Doc. 47.
[2] Doc. 81.
[3] Doc. 82.
[4] *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[5] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Case No. 4:08-CR-00431
Gwin, J.

and sparingly granted.[6]

    Here, Pullen's arguments do not justify reopening his case. In his petition to vacate his conviction, Pullen says that he received the ineffective assistance of counsel when his attorney failed to challenge this Court's subject-matter jurisdiction. Pullen says that he had a preliminary hearing in state court following his arrest, and that a state grand jury returned a "no true bill" against him thereafter. The failure to indict in state court, says Pullen, barred his subsequent indictment by a federal grand jury. In its previous order denying Pullen's motion to vacate, this Court held that:

> [t]he "no true bill" determination is a reflection of the quality and quantity of the evidence presented; it does not speak to the *validity* of the evidence presented. Moreover, Pullen provides no argument as to why the evidence presented to the federal grand jury was improperly obtained.[7]

    In his motion for reconsideration, Pullen points this Court to *Virginia v. Paul*, 148 U.S. 107 (1893), for the argument that removal of his case to federal court was improper. *Paul* does not say that. In that case, the Supreme Court considered Revised Statute § 643, which authorized removal to federal court of any state criminal prosecution against a federal officer.[8] The Court held that removal was improper in the preindictment stages of the criminal process. But here, Pullen's case was not removed from state to federal court. Rather, a federal grand jury issued an indictment and started a new case against Pullen in federal court.[9] *Paul* is thus of no use, for this and other reasons, to Pullen.

---

[6] *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).
[7] Doc. 81.
[8] *Paul*, 148 U.S. at 115.
[9] Doc. 1.

Case No. 4:08-CR-00431
Gwin, J.

Pullen also says that his attorney was ineffective for failing to suppress the firearm. As discussed in this Court's prior opinion, Youngstown Police Officers were patrolling a Youngstown Municipal Housing Authority complex on September 20, 2008, when they spotted Pullen sitting outside an apartment. One of the officers had twice previously arrested Pullen, and had warned Pullen that he was a trespasser on the premises. The officers then asked Pullen to stand up, when they noticed him slipping a silver object underneath his chair's cushion. As the United States Court of Appeals for the Sixth Circuit noted, "[i]n short, one of the police officers recognized Pullen, and Pullen's presence at a place where he was not permitted to be gave the police officer a reasonable, articulable suspicion that Pullen was committing criminal trespass."[10/]

In his original petition to vacate his conviction, Pullen says that his trial attorney did not raise "the very known facts that [Pullen] was not trespassing" on the apartment complex where police arrested him.[11/] In its previous order, this Court held the following:

> In fact, Pullen's attorney made this argument in the motion to suppress. . . . Pullen's attorney also told the Court, during the suppression hearing, that the trespass claim was dubious. . . . Thus, Pullen cannot show that his trial counsel acted deficiently. Even if there was definitive proof that Pullen was not trespassing, that would speak only to whether there was reasonable suspicion that Pullen was engaged in criminal activity. That question was submitted to, and answered by, the trial court.

In his motion for reconsideration, Pullen presents a letter from the Youngstown Metropolitan Housing Authority stating that the *only* notice of criminal trespass between 2003 and 2011 pertaining to Pullen was written on September 21, 2008—hours after his arrest in the instant case.[12/] This, says Pullen, is evidence that the officers who arrested him did not have probable cause to believe that

---

[10/] Doc. 69, at 2-3.
[11/] Doc. 71, at 15.
[12/] Doc. 82-1, at 2.

Case No. 4:08-CR-00431
Gwin, J.

Pullen was trespassing, and thus the gun should have been suppressed.

Pullen's "smoking gun" does not warrant reconsideration of this issue. First, the Sixth Circuit's opinion does not base its finding of probable cause on a previous *written* trespass warning. The Sixth Circuit stated that "one of the officers recognized Pullen because he had previously arrested Pullen twice, and had on one occasion *warned* Pullen that he was a trespasser and not permitted on the apartment complex premises."[13] That there are no other written notices is not dispositive of whether Pullen had ever been warned.

Second, the Sixth Circuit has already decided the suppression issue, and that opinion is binding on this Court. For this Court to find that Pullen received the ineffective assistance of counsel, it would have to find that his counsel's performance prejudiced the defense so seriously that it deprived Pullen of a fair trial.[14] But the Sixth Circuit has held that the officers had a reasonable, articulable suspicion that Pullen was committing criminal trespass. Even if this Court disagrees with that assessment, which it does not, the law of the case doctrine requires, with limited exception, adherence to the appellate court's findings.[15] Thus, Pullen is unable to show that his counsel rendered a deficient performance.

And third, Pullen's "new evidence" is not new at all. The Housing Authority provided it to him in 2011, and Pullen submitted it with his original petition for relief. Pullen is attempting to re-litigate an argument that this Court already rejected. This is not the proper purpose of a motion for

---

[13] Doc. 69, at 2.
[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[15] *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("The law of the case doctrine and the mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court.").

Case No.  4:08-CR-00431
Gwin, J.

reconsideration.  Pullen's motion for reconsideration is therefore DENIED.

    IT IS SO ORDERED.

Dated: September 6, 2013                s/      *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE